# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### AUGUST 1998 SESSION

FILED

September 16, 1998

Cecil W. Crowson
Appellate Court Clerk

|  |  |  |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 01C01-9801-CR-00018 |
| Appellee, | ) | |
| | ) | WILSON COUNTY |
| VS. | ) | |
| | ) | HON. J. O. BOND, |
| CECELIA M. BEASLEY, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |

**FOR THE APPELLANT:**

**COMER L. DONNELL**
District Public Defender

**VIRGINIA TOWNZEN**
Assistant District Public Defender
213 North Cumberland Street
P. O. Box 888
Lebanon, TN  37088-0888

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**LISA A. NAYLOR**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**TOM P. THOMPSON, JR**
District Attorney General

**DAVID DURHAM**
Assistant District Attorney General
111 Cherry Street
Lebanon, TN  37087-3609

OPINION FILED: _____

SENTENCE MODIFIED

JOE G. RILEY,
JUDGE

**O P I N I O N**

The defendant pled guilty in the Wilson County Criminal Court to three (3) counts of selling cocaine over 0.5 grams and one (1) count of possessing cocaine over 0.5 grams with intent to sell. She agreed to an effective ten-year sentence and submitted the amount of the fines and the issue of community corrections to the trial court. The trial court imposed the minimum mandatory fines, refused to waive the fines and denied community corrections. After a thorough review of the record, we affirm the amount of the fines but modify the remaining portion of the sentences to community corrections.

**I**

Defendant was indicted by the Wilson County Grand Jury on five (5) counts of selling cocaine committed during the period September 5, 1996, to October 9, 1996. She was also indicted on one (1) count of possession of cocaine with intent to sell committed on October 9, 1996. She entered guilty pleas to selling cocaine on September 5, September 11, October 9, and to the October 9th possession of cocaine with intent to sell. Pursuant to a plea agreement, she was sentenced to eight (8) years on the first two (2) charges, nine (9) years on the third charge and ten (10) years on the possession with intent charge, with all sentences to run concurrently. The other two (2) counts were dismissed. The parties agreed to submit the issue of the fines and community corrections to the trial judge. The trial judge assessed the minimum mandatory fines of $2,000 on each count and denied community corrections. This appeal followed.

**II**

At the time of sentencing defendant was a 22-year old single mother of three (3) young children. The father of the children was not providing child support, and the defendant was experiencing financial difficulties. She contended that she

engaged in the sale of drugs due to these financial difficulties. She had no prior criminal convictions.[1] At the time of the hearing defendant had been incarcerated approximately three (3) and one-half (½) months. Her mother cared for the children during defendant's incarceration. Defendant has remained incarcerated since her sentencing.

At the hearing the state noted that the defendant had "done a hundred five-days, day-for-day. If the court feels like that's enough time, we're going to defer to the court. If the court doesn't, of course, we're certainly not going to object either." The defendant sought placement in the community corrections program. The trial court's total ruling was as follows:

> You know, she was caught selling one, two, three, four times, that she pled guilty to. And she had some that were dismissed out of that. So, what to do with her? She's a young lady, but she took -- the State thought enough of this that they wouldn't settle it unless she took ten years, and that puts it about the limit as far as the regular probation goes, for sure. And I'm not going to put her on Community Corrections. I'm going to let her go down and serve her time. That's just too much drugs, and it's not a small amount. These were felony amounts, over a half gram, which the legislature evidently believes to be a large amount because they put a lot of punishment to it, so that's what society thinks of this business. I don't disagree with society on it. I think that something's got to be done. We've got to stop people. And her only excuse for doing this was she had some bills she wanted to pay, spreading poison throughout our whole community. Not once. She didn't pay enough bills the first time so she did it at least five times, or four times, that she's pled to. And that's an extensive amount of convictions. Fines are the minimum fines, because she would probably never be able to pay them anyway. But I'm not going to just forgive them. If she ever gets any money when she gets out she'll have to go to work, when she gets out on parole. As a condition of parole she would have to pay these fines and work, and stay out of the housing projects. And earn a living.
>
> That's going to be the judgment of the Court. Department of Corrections. And I don't know how long they'll keep her. They may keep her a long time, may not, who knows. Two thousand dollar ($2,000) fine on each one, standard offender, she's already agreed to 30 percent on the original plea.
>
> That will be the judgment of the Court.

### III

This Court's review of the sentence imposed by the trial court is *de novo* with

---

[1] In 1995 she was placed on pre-trial diversion for contributing to the delinquency of a minor.

a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The Community Corrections Act establishes a program of community-based alternatives to incarceration for certain eligible offenders. *See* Tenn. Code Ann. § 40-36-103. A defendant is eligible for participation in a community corrections program if the defendant satisfies several minimum eligibility criteria set forth at Tenn. Code Ann. § 40-36-106(a).

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. However, the defendant is not presumed to be a favorable candidate since these convictions are Class B felonies. *See* Tenn. Code Ann. § 40-35-102(6).

In determining if incarceration is appropriate, a trial court should consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* State v. Ashby, 823 S.W.2d at 169; State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997).

A court should also consider the mitigating and enhancing factors set forth in Tenn. Code Ann. §§ 40-35-113 and 114 as they are relevant to the § 40-35-103 considerations. Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); State v. Boston, 938 S.W.2d at 438.

## IV

Unfortunately, the record does not show that the trial judge considered the sentencing principles and all relevant facts and circumstances. To facilitate appellate review, the trial court must place on the record its reasons for arriving at the final sentencing decision. State v. Poole, 945 S.W.2d at 96. The only relevant statutory criteria addressed by the trial judge were general deterrence and the seriousness of the offenses. Due to the failure to comply with the Sentencing Reform Act, there is no presumption of correctness and this Court must review the sentence *de novo*. State v. Walton, 958 S.W.2d 724, 728 (Tenn. 1997).

## V

We could remand to the trial court for further findings under these circumstances. However, we note that the defendant has already been incarcerated continuously for approximately one (1) year. We, therefore, will determine the sentence pursuant to Tenn. Code Ann. § 40-35-401(c)(2).

Under the criteria set forth in Tenn. Code Ann. § 40-35-103(1), we note that the defendant does not have a long history of criminal conduct as she has no prior convictions. Less restrictive measures than confinement have not been applied unsuccessfully since she has no prior convictions. Although the trial court relied upon general deterrence, there is no proof in the record relating to this factor. *See* State v. Ashby, 823 S.W.2d at 170. We do agree wholeheartedly with the trial court that these were serious offenses. We note, however, that the offenses were committed within a short period of time . One sale and the possession offense were committed on the same date.

We now examine mitigating and enhancement factors as well as the potential for rehabilitation as all are relevant in alternative sentencing decisions. *See* State v. Boston, 938 S.W.2d at 438. The state has not advanced the applicability of any enhancement factors, nor has this Court been able to find any enhancement factors

5

applicable.  *See* Tenn. Code Ann. § 40-35-114.  In mitigation we note the defendant's lack of criminal convictions.  *See* Tenn. Code Ann. § 40-35-113(13). [2] Further, there has been no showing that the defendant lacks the potential for rehabilitation.

At sentencing the state did not object to defendant being placed on community corrections.  Likewise, the state did not object to the trial court denying community corrections.

In summary, we agree with the trial court that the defendant should serve substantial time in incarceration. Defendant has been incarcerated continuously for approximately one year.  Under our power of *de novo* review, we conclude that defendant's confinement has been sufficient to accomplish the purposes of the Criminal Sentencing Reform Act of 1989 and order that she be placed under the strict requirements of community corrections.


**VI**


Finally, defendant contends the trial court abused its discretion in refusing to waive or reduce the fines of $2,000 for each count.  The trial court imposed the mandatory minimum fine of $2,000 for each offense.  *See* Tenn. Code Ann. § 39-17-428(b)(7).  However, the trial court may reduce, suspend or waive the mandatory fine if the defendant is indigent, payment would result in severe economic hardship, or payment would not be in the interests of justice.  Tenn. Code Ann. § 39-17-428(d)(1).  The trial court refused to reduce or waive the mandatory fines.

Certainly, a defendant's ability to pay a fine is a relevant factor; however, it is not necessarily the controlling factor. State v. Patterson, 966 S.W.2d 435, 446 (Tenn. Crim. App. 1997).  A substantial fine may be punitive in the same manner that incarceration may be punitive. State v. Marshall, 870 S.W.2d 532, 542 (Tenn.

---

[2]The defendant has advanced the applicability of several mitigating factors. We find it unnecessary to address their applicability.

6

Crim. App. 1993).

In imposing the minimum fines, the trial court noted the defendant's present inability to pay. The trial court, nevertheless, refused to "forgive them" finding that she might have the ability to pay in the future. The trial court retains jurisdiction, even after final judgment, to modify the fines. State v. Blevins, 968 S.W.2d 888, 895 (Tenn. Crim. App. 1997); Tenn. Code Ann. § 40-24-102. We conclude the trial court did not err in refusing to reduce or waive the mandatory minimum fine.

## CONCLUSION

This Court much prefers to review sentencing determinations with a presumption of correctness attached to the trial court's rulings. However, this Court is not authorized to do so when the relevant sentencing considerations are not set forth in the record. We acknowledge our inability to observe the appearance and demeanor of the defendant and our disadvantage in making *de novo* sentencing determinations. Nevertheless, it becomes our duty to do so in the absence of a proper record.

We affirm the trial court's imposition of the fines. This case is remanded to the trial court for entry of a modified judgment which places defendant in the community corrections program.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOSEPH M. TIPTON**

_____
**THOMAS T. WOODALL**