# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### APRIL 1999 SESSION

**FILED**

January 21, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | **NO. E1998-00131-CCA-R3-CD** |
| Appellee, | ) | |
| | ) | **BLOUNT COUNTY** |
| VS. | ) | |
| | ) | **HON. D. KELLY THOMAS, JR.** |
| ANGELA RENEE GATES, | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Facilitation of Aggravated Child |
| | ) | Abuse; Aggravated Assault) |

**FOR THE APPELLANT:**

**RAYMOND MACK GARNER**
District Public Defender

**NATALEE HURLEY**
**(At Trial)**
Assistant Dist. Public Defender
419 High Street
Maryville, TN 37804

**GERALD L. GULLEY, JR.**
**(On Appeal)**
P. O. Box 1708
Knoxville, TN 37901-1708

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**ERIK W. DAAB**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**MICHAEL L. FLYNN**
District Attorney General

**KIRK ANDREWS**
**EDWARD P. BAILEY, JR.**
Assistant Dist. Attorneys General
363 Court Street
Maryville, TN 37804-5906

**OPINION FILED:** _____

**AFFIRMED IN PART; REVERSED IN PART**

**JOE G. RILEY, JUDGE**

**O P I N I O N**

Defendant, Angela Renee Gates, appeals as of right her convictions by a Blount County jury for the offenses of facilitation of aggravated child abuse and aggravated assault.  Honorable D. Kelly Thomas, Jr. sentenced her to concurrent terms of twelve years and six years, respectively.  She presents the following issues for our review:

1.      whether the evidence was sufficient to support her conviction for facilitation of aggravated child abuse;

2.      whether her convictions for both facilitation of aggravated child abuse and aggravated assault are in violation of double jeopardy;

3.      whether facilitation of aggravated child abuse is a lesser included offense of aggravated assault, thereby precluding her convictions for both offenses; and

4.      whether she was properly sentenced.

After a careful review of the record, we conclude that double jeopardy precludes convictions for both offenses under the facts of this case. We, therefore, **REVERSE** and **DISMISS** the conviction for aggravated assault but **AFFIRM** the conviction and sentence for facilitation of aggravated child abuse.[1]

**I. FACTS**

On February 1, 1997, the defendant's live-in boyfriend, Michael Hyde, was stopped by the Blount County Sheriff's Department for a traffic violation. Defendant's three-year-old son was a passenger.  The officer noticed multiple bruises on the child's facial area and a blood blister on his bottom lip.  Suspecting that the child had been abused, the officer eventually took the child to the emergency room of the local hospital.

---

[1]This case was originally submitted to the Court after oral argument in April 1999. The Court, *sua sponte*, requested the filing of a supplemental record and briefs.  The supplemental record was filed and in November 1999 the supplemental briefs were filed. This procedural history explains the reason for the delayed disposition of this appeal.

The emergency room physician testified that "every particular quadrant that I looked at had evidence of bruising on this child, from his head down to his lower extremities." Bruising was even discovered in the child's genital area. The physician concluded that the nature and extent of the injuries indicated they were not accidentally caused and were "extremely painful" for the child. The physician further concluded the injuries were between three and fourteen days old.

Detective Scott Carpenter arrested and interviewed the defendant. The defendant denied abusing the child and stated that all discipline had been turned over to Hyde. The defendant stated that she had noticed bruises on the child when she bathed him and asked Hyde to stop bruising him. Nevertheless, she continued to allow Hyde to discipline the child. If Hyde was not at home when the child misbehaved, the defendant would send the child to a bedroom to await punishment by Hyde upon his return.

Defendant's stepmother testified that the defendant denied abusing the child, yet stated she allowed Hyde to administer the punishment. Nevertheless, the defendant told her stepmother that she loved Hyde and "would go to her grave and she would not testify or say anything against [Hyde]." Two of defendant's sisters also testified that the defendant indicated that Hyde administered the discipline on the child.

The defendant testified at trial. She stated that she alone disciplined the child and used a belt. She contended that she caused some of the bruising while disciplining the child, but stated that many of the injuries were caused by the child himself. She maintained that Hyde did not cause the injuries to the child.

In rebuttal, Investigator Amy Galyon testified that she participated in the defendant's interview upon her arrest. In her interview the defendant denied personally abusing the child and stated the beatings were administered by Hyde.

3

The defendant stated that she told Hyde not to leave any more bruises on the child, yet Hyde was still to be in charge of the discipline. At no time did the defendant identify any other source for the injuries. The defendant told Investigator Galyon that she would send the child to his room until Hyde got home to administer the discipline. The defendant blamed the child's lack of cooperation for the discipline that he received.

Based upon the testimony at trial, the jury convicted the defendant on both counts as charged; to-wit: facilitation of aggravated child abuse and aggravated assault. *See* Tenn. Code Ann. §§ 39-11-403; 39-15-402 ; and 39-13-102(b).

## II. SUFFICIENCY OF THE EVIDENCE

Defendant contends the evidence is insufficient to support a conviction for facilitation of aggravated child abuse. We respectfully disagree.

In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). On appeal, the state is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. *Id.* This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact

4

to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 317, 99 S.Ct. 2781, 2789, 61 L. Ed.2d 560 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

Facilitation of aggravated child abuse is committed when "knowing that another intends to commit [aggravated child abuse], but without the intent required for criminal responsibility pursuant to § 39-11-402(2), the person knowingly furnishes substantial assistance in the commission of [aggravated child abuse]." Tenn. Code Ann. § 39-11-403(a). Aggravated child abuse is committed by a person who knowingly, other than by accidental means, treats a child under eighteen (18) years of age in such a manner as to inflict serious bodily injury. Tenn. Code Ann. §§ 39-15-401(a), 402(a)(1). "Serious bodily injury" is a bodily injury that involves "[e]xtreme physical pain." Tenn. Code Ann. § 39-11-106(a)(34)(C). Aggravated child abuse is a Class A felony when the child is six (6) years of age or less. Tenn. Code Ann. § 39-15-402(b). Facilitation of aggravated child abuse of a child six (6) years of age or less is, therefore, a Class B felony. See Tenn. Code Ann. § 39-11-403(b).

Looking at the evidence in a light most favorable to the state, as this Court is required to do, the evidence is sufficient to support the conviction. The proof unquestionably established that the three-year-old child was treated and abused in such a manner as to result in serious bodily injury. We further conclude that the defendant furnished "substantial assistance" to Hyde in the commission of the offense. The defendant discovered extensive and painful bruises on the child when she bathed him. Nevertheless, she continued to request that Hyde discipline the child. When Hyde was not home, she required the child to remain in his room until Hyde could administer punishment.

This issue is without merit.

5

### III. DOUBLE JEOPARDY

Defendant contends that convictions for both facilitation of aggravated child abuse and aggravated assault in this case are precluded by double jeopardy pursuant to the authority of State v. Denton, 938 S.W.2d 373 (Tenn. 1996). We must agree.

Count 1 of the indictment alleged that "between November 27, 1996 through February 1, 1997" the defendant committed facilitation of aggravated child abuse. Count 2 of the indictment alleged that "on the day and year aforesaid" the defendant committed aggravated assault by "failing or refusing to protect such child from aggravated child abuse." See Tenn. Code Ann. § 39-13-102(b). The defendant was convicted on both counts.

Under Denton, the double jeopardy analysis requires the following:

1. a Blockburger analysis of the statutory offenses;

2. an analysis, guided by the principles of Duchac, of the evidence used to prove the offenses;

3. a consideration of whether there were multiple victims or discrete acts; and

4. a comparison of the purposes of the respective statutes.

938 S.W.2d at 381. None of these steps is determinative; rather the results of each must be weighed and considered in relation to each other. *Id.*

### A. Blockburger Analysis

The "same-elements test" under Blockburger examines whether each offense contains an element not contained in the other; if not, double jeopardy bars additional punishment and successive prosecution. See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); State v. Winningham, 958 S.W.2d 740, 743 (Tenn. 1997). Facilitation of aggravated child abuse requires proof of an aggravated child abuse and knowingly *furnishing substantial assistance*. Aggravated assault

6

requires proof that a *parent* knowingly *failed or refused to protect a child* from aggravated child abuse. Each offense has an element that the other does not. There is no Blockburger violation.

## B. Duchac Analysis

The Duchac analysis requires an examination of whether the same evidence was used to prove the offenses.

> One test of identity of offenses is whether the same evidence is required to prove them. If the same evidence is not required, then the fact that both charges relate to, and grow out of, one transaction, does not make a single offense where two are defined by the statutes.

Duchac v. State, 505 S.W.2d 237, 239 (Tenn. 1973).

The state insists that the same evidence was not utilized to convict on both offenses. This Court ordered a supplemental record in order to examine the state's position at trial. We agree that in some cases different facts might be relied upon to properly convict of both offenses. However, our review of this record, including the state's closing argument, indicates that the state relied upon the defendant's knowingly allowing her boyfriend to excessively discipline her child for both convictions.

Thus, this part of the Duchac analysis favors a double jeopardy finding.

## C. Multiple Victims

The double jeopardy analysis further requires the Court to consider whether there were multiple victims or discrete acts. Denton, 938 S.W.2d at 381. In the case at bar there were neither multiple victims nor identifiable discrete acts justifying separate convictions. This analysis favors a double jeopardy finding.

7

## D. **Legislative Intent**

The key issue in multiple punishment cases is legislative intent. <u>Denton</u>, 938 S.W.2d at 379. The intent of the child abuse statutes is to protect children from the knowing infliction of injury by another. The purpose of the aggravated assault provision relative to child abuse places an affirmative obligation on the parent to protect his or her child from abuse by another. However, the best evidence of legislative intent is that expressed by the natural and ordinary meaning of the language used in the statute. <u>State v. Alford</u>, 970 S.W.2d 944, 946 (Tenn. 1998). Tenn. Code Ann. §39-15-401(d) relative to child abuse provides as follows:

> A violation of this section may be a lesser included offense of any kind of...statutory assault...if the victim is a child and the evidence supports a charge under this section. In any case in which conduct violating this section also constitutes assault, the conduct may be prosecuted under this section <u>or</u> under § 39-13-101[assault]. (Emphasis added).

Thus, the expressed legislative intent is that such conduct be prosecuted under the child abuse statutes or assault statutes, but not both.

## E. **Our Conclusion**

Based upon our <u>Denton</u> analysis, we conclude the defendant cannot be convicted of both facilitation of aggravated child abuse and aggravated assault under the facts and circumstances of this case. Accordingly, we must reverse the conviction for aggravated assault.

## IV. **ELECTION**

An issue closely related to the double jeopardy analysis is whether the state's failure to elect a discrete instance requires a new trial. *See* <u>State v. Walton</u>, 958 S.W.2d 724 (Tenn. 1997). Even though this issue was not originally raised by the parties, the failure to elect may be plain error. *Id.* at 727.

An election is required where the state is pursuing a conviction for a discrete crime and proof of additional discrete crimes are introduced in evidence. State v. Hoxie, 963 S.W.2d 737, 742 (Tenn. 1998). However, an election is not required when the crime charged requires proof of a continuous course of unlawful conduct. *Id.* (stalking requires proof of a continuous course of conduct and does not necessitate an election by the state).

The nature of the offense of child abuse is unique. Child abuse may be committed by a single act; however, it may also be established by a series of acts or a continuous course of conduct. We recognize that child abuse might be difficult to detect or establish based upon a single discrete instance. Therefore, we decline to extend the election requirement to any and all child abuse cases. The evidence in each case must be evaluated in order to determine whether an election is mandated.

In the case at bar, no election was required. The medical proof clearly established abuse as a result of a continuous course of excessive discipline. The multiple injuries could not be tied to discrete instances, nor did the state seek a conviction for a discrete instance as is customarily done in sexual assault cases. *See* State v. Shelton, 851 S.W.2d 134, 137 (Tenn. 1993).

## V. <u>LESSER INCLUDED OFFENSE</u>

Defendant contends that facilitation of aggravated child abuse is a lesser included offense of aggravated assault, thereby precluding a conviction for both offenses. Our conclusion that a conviction for both offenses was improper under a double jeopardy analysis pretermits this issue and makes a determination on the merits unnecessary.

9

## VI. SENTENCING

Defendant contends she was improperly sentenced by the trial court. Specifically, she contends the maximum Range I sentences of twelve years and six years for facilitation of aggravated child abuse and aggravated assault, respectively, are excessive. She further contends the trial court erred in denying her alternative sentencing. We reject her contentions.

The trial court found that three statutory enhancement factors were applicable: (1) the victim was particularly vulnerable because of his age, Tenn. Code Ann. § 40-35-114(4); (2) the defendant treated the victim with exceptional cruelty, Tenn. Code Ann. § 40-35-114(5); and (3) the defendant abused a position of private trust, Tenn. Code Ann. § 40-35-114(15). The trial court did not apply any mitigating factors. Furthermore, the trial court found that the defendant was not a proper candidate for alternative sentencing.

## A. Standard of Review

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

If no mitigating or enhancement factors for sentencing are present, Tenn. Code Ann. § 40-35-210(c) provides that the presumptive sentence shall be the minimum sentence within the applicable range. *See* State v. Lavender, 967 S.W.2d 803, 806 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code

10

Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Leggs, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997); State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995); *see* Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments. Nevertheless, should there be no mitigating factors, but enhancement factors are present, a trial court may set the sentence above the minimum within the range. Tenn. Code Ann. § 40-35-210(d); *see* Lavender, 967 S.W.2d at 806; Manning v. State, 883 S.W.2d 635, 638 (Tenn. Crim. App. 1994).

## B. Length of Sentence

Defendant contends the trial court erred in its application of enhancement factor (4), finding the child was particularly vulnerable because of his age. Although the Class B offense of facilitation of aggravated child abuse includes an age element (it requires that the child be six years of age or less,) use of enhancement factor (4) is not necessarily excluded. This enhancement factor relates more to the natural physical and mental limitations of the victim than merely to the victim's age. State v. Adams, 864 S.W.2d 31, 35 (Tenn. 1993). The Court should consider whether the victim, due to his age, was incapable of resisting, summoning help, or testifying against the perpetrator. *Id.* The trial court applied this factor but did not give it great weight.

We conclude the trial court did not err. The three-year-old child was not as capable as, for example, a six-year-old child of resisting, summoning help or testifying against the perpetrators. This issue is without merit.

Defendant also contends the trial court erred in applying enhancement factor (5), finding that the victim was treated with exceptional cruelty. This precious child

was not the victim of simple abuse, but rather multiple and extensive beatings. He was bruised and/or cut from head to toe. He was treated with exceptional cruelty beyond that necessary for the offense. This issue is without merit.

Defendant further contends the trial court erred in applying enhancement factor (15), finding that the defendant abused a position of private trust. The defendant, as the three-year-old child's parent, occupied a position of private trust. *See* State v. Kissinger, 922 S.W.2d 482, 488 (Tenn. 1996). The trial court did not err in applying this enhancement factor to facilitation of aggravated child abuse.[2]

Next, defendant contends the trial court erred in failing to mitigate the sentence based upon mitigating factor (6), which provides mitigation for a defendant who, because of youth, lacks substantial judgment in committing the offense. Tenn. Code Ann. § 40-35-113(6). The defendant was twenty years old at the time of this offense, had obtained her GED, completed a certified nurse assistant training program, and had attended, but not completed, a medical assistant program. The abuse took place over a period of time and involved obvious, multiple and extremely painful injuries to a three-year-old child. The application of this mitigating factor is not determined simply by the chronological age of the offender. State v. Elder, 982 S.W.2d 871, 879 (Tenn. Crim. App. 1998). The youth of the offender must be considered in context with the various circumstances tending to demonstrate her ability or inability to appreciate the nature of her conduct. Adams, 864 S.W.2d at 33. The trial court did not err in refusing to apply this mitigating factor.

Defendant contends the trial court erred in refusing to apply mitigating factor (11), that it was unlikely that a sustained intent to violate the law motivated her criminal conduct. Defendant allowed and authorized this incredible abuse over a substantial period of time. The trial court did not err in rejecting this mitigating factor.

---

[2]The trial court did not apply this enhancement factor to the aggravated assault conviction.

12

Finding no error with regard to the application of enhancement and/or mitigating factors, we conclude the length of the sentence of twelve years for facilitation of aggravated child abuse is proper.[3]

## C. Alternative Sentencing

Defendant contends the trial court should have granted her alternative sentencing. Since defendant received a sentence in excess of eight years, she is not eligible for probation. *See* Tenn. Code Ann. § 40-35-303(a). Furthermore, the defendant does not meet the general eligibility requirements for community corrections since her offense resulted in "serious bodily injury" and is not a non-violent felony. *See* Tenn. Code Ann. §§ 40-36-102(12) and 106(3). Furthermore, she does not meet the eligibility requirements for the special needs provision for community corrections since the length of her sentence exceeds probation eligibility. *See* Tenn. Code Ann. § 40-36-106(c); State v. Grigsby, 957 S.W.2d 541, 546 (Tenn. Crim. App. 1997). Therefore, defendant is not eligible for any type of alternative sentencing.

This issue is without merit.

## CONCLUSION

Based upon the foregoing, we **REVERSE** and **DISMISS** the conviction for aggravated assault but **AFFIRM** the conviction and sentence for facilitation of aggravated child abuse.

---

[3]We do not specifically address the length of the sentence for aggravated assault since that conviction has been reversed. Nevertheless, if the conviction were proper, we would find no error in the assessment of the maximum sentence.

13

_____
**JOE G. RILEY, JUDGE**


**CONCUR:**


_____
**JERRY L. SMITH, JUDGE**


_____
**NORMA MCGEE OGLE, JUDGE**