**STATE of Tennessee, Appellee,**

v.

**Ronald Eugene SCHAAF, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Oct. 10, 1986.

W.J. Michael Cody, Atty. Gen., Albert L. Partee, III, Asst. Atty. Gen., Nashville, William E. Dossett, Dist. Atty. Gen., William H. Crabtree, David Dake, Asst. Attys. Gen., Knoxville, for appellee.

Randall E. Reagan, Knoxville, for appellant.

## OPINION

O'BRIEN, Judge.

Defendant was convicted of aggravated sexual battery in the Knox County Criminal Court and sentenced to eighteen (18) years imprisonment as a Range I standard offender.

In the first issue raised in this Court defendant says his due process rights were violated by the acceleration of his trial date. The chronology of events preceding trial revealed a contentiousness on the part of defendant, probably borne of his inability to make bond, as well as a growing lack of accommodation between counsel for the State and defense counsel. Defendant was arrested in October, 1984 followed by an indictment approximately a month later. On the 3rd of January, 1985 at an arraignment hearing defendant informed the court of the name of his retained counsel, who was not present. With the assistance of that counsel he was arraigned on January 10, 1985 with his case set 'for trial on February 18, 1985. On the arraignment date a bond reduction motion was denied. On the appointed trial date defendant appeared with new retained counsel who informed the court she had been employed in

the middle of January but had refrained from any concentrated effort to prepare a defense until prior counsel had filed a withdrawal motion. Defendant's original counsel was called to appear and advised the court that about the first of February he had discussed in detail his trial strategy and plan of defense with his successor counsel. Nonetheless, an application for continuance was made and trial was set for July 22, 1985, upon agreement of all parties. In conjunction with the application for continuance newly substituted counsel announced to the court that she planned to have a private psychiatric evaluation made of the defendant, presumably in relation to his mental capacity at the time of the alleged offense, which she anticipated would be completed by March 2, 1985. Subsequently, on March 28, 1985 a hearing was had at the State's request based on efforts by defense counsel to have the case transferred to another division of court for an earlier trial setting than the July 22nd date. The State agreed to a trial on April 1, 1985, five days hence. Initially defense counsel also agreed to the trial date but after consultation with her client she returned to open court to place on record his objections to being forced to trial within a week because there was not time to call out-of-state witnesses. The court ruled that the matter could be raised on the date of trial. The following day, March 29, 1985 a motion for continuance or alternative trial date was filed, accompanied by a lengthy affidavit of counsel to support the motion. Counsel argued that there was not sufficient time before the accelerated trial date to allow her to competently prepare the defense. She advanced the further issue that the evaluation for competency and a possible insanity defense had not been completed and that there were four out-of-state character witnesses who would be unavailable on such short notice. These were the most pertinent among the reasons assessed for the necessity of a continuance. We do not consider the others listed to be relevant to the issue of prejudice to the defendant.

While it is apparent that the State dealt somewhat harshly with the defendant in insisting upon proceeding on the advanced trial date, it is equally plain that the trial court juggled its docket in an effort to accommodate the defendant who immediately indicated his disagreement with the decision of the court. We do not find any abuse of discretion in the denial of a continuance or a re-setting to the former trial date. See *State v. Goodman*, 643 S.W.2d 375, 378 (Tenn.Cr.App.1982). Defendant has failed to show a denial of due process, or that the action of the trial court affected the results of the trial on the merits. Tennessee Criminal Procedure Rule 52(a); *Baxter v. State*, 503 S.W.2d 226, 228 (Tenn. Cr.App.1973). The out-of-state witnesses were intended for character testimony. There was nothing to indicate the proposed witnesses knew anything about the circumstances of the offense with which defendant was charged. The case law in this State requires that testimony of witnesses sought to be introduced must be material to the issues in the case. *Moorehead v. State*, 219 Tenn. 271, 409 S.W.2d 357 (1966). Defendant's argument that the psychiatric report could not be completed in time to muster his defense of insanity is also without merit. He insisted certain prescription records were necessary to aid in the testimony of a psychiatrist witness. The prescription records were sought only for the purpose of endeavoring to determine if defendant was taking medication in quantities sufficient to create a psychotic condition which would fall within the scope of the insanity defense mandated in *Graham v. State*, 547 S.W.2d 531 (Tenn.1977). Defendant's psychiatrist testified he had no evidence of psychotic episodes about the time of the offense and that defendant was not insane at that time. Defendant's charges of prejudice are not supported by the record and we find them to be without merit.

Defendant charges certain actions of the District Attorney General to be prosecutorial misconduct. This incident also grew out of the total lack of cooperation between counsel for the separate parties. Defense counsel's failure to turn over certain medical records to the District Attorney General resulted in his issuing a subpoena duces

tecum to defendant's psychiatric expert to produce certain of defendant's medical records. The subpoena was obtained and served by a criminal investigator from the District Attorney General's office. When the records were produced by the witness the District Attorney's agent brought them back to the Attorney General's office. When this was discovered by defense counsel she filed a motion for mistrial based on her assertion of prosecutorial misconduct.

This procedure on the part of the District Attorney General was highly improper. A district attorney general does not have subpoena power except through the process of the court. The issue and method of service of a subpoena is by T.C.A. § 23–2–105 and Tennessee Criminal Procedure Rule 17. The subpoena was returnable to the court and the material obtained through the use of the subpoena should also have been returned to the court to be inspected and used under the court's direction. The good intentions of the Assistant District Attorney General notwithstanding, there is no excuse for such abuse of the subpoena power. Defense counsel made a motion for mistrial which was denied out-of-hand without explanation. If prejudice to the defendant could be shown by this conduct there is no doubt it would constitute reversible error. However, State's counsel apparently satisfied the trial judge that he did not inspect or read any privileged material obtained by use of the subpoena. There is no evidence in the record that any advantage was taken of defendant. We do not find that the proceedings complained of affected the judgment or resulted in prejudice to the judicial process. T.R.A.P. Rule 36(b). The error was harmless beyond a reasonable doubt. *Harrington v. State*, 215 Tenn. 338, 385 S.W.2d 758, 759 (1965); *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967).

An issue is raised pertaining to denial of admission of testimony of a lay witness concerning defendant's mental health. Defense counsel attempted to introduce the testimony of a medical doctor to testify as a lay witness relative to the mental condition of defendant based on the contents of a letter he had written to the witness shortly before trial. The rule in this State is that a lay witness can testify to the mental condition of another if his opinion is based upon personal observations of the person. *Atkins v. State*, 119 Tenn. 458, 105 S.W. 353 (1907). In this case the opinion was based upon a letter written by the defendant to the witness. The trial judge ruled this was not a sufficient basis to allow the testimony into evidence. We agree. The issue is without merit.

The defendant assesses error on the refusal of the trial judge to instruct the jury on the issue of insanity. An insanity defense was not properly raised by the facts adduced at trial. See *Graham v. State*, supra. The only evidence before the jury on the issue of insanity was the testimony of defendant's psychiatrist that defendant had related no psychotic episodes to him and that defendant was not insane in December of 1982, at the time the offense occurred. There was no basis for a jury instruction on insanity since the facts adduced did not raise that issue. *Scalf v. State*, 565 S.W.2d 506, 508 (Tenn.1978).

Defendant has also asked us to review the sentence imposed, insisting it is excessive in view of the proof adduced at trial. He says it does not accord with the principles of the Criminal Sentencing Reform Act. Appellate sentencing review is de novo on the record in accordance with T.C.A. § 40–35–402(d). The evidence in this case is substantial that the defendant was guilty of a vile and corrupting act involving a youthful victim. At the sentencing hearing the defense offered in mitigation that defendant was functioning under stress from a prior debilitating illness and may have been taking medications which could have exaggerated or produced a reaction due to personality problems from which he suffered. There was no evidence of this and insofar as this record is concerned there is no such evidence which has been produced until this date. There is no indication in the record that any of the mitigating factors listed in T.C.A. § 40–35–110 apply. Defendant made a statement on his own behalf at the sentencing hearing offering in mitigation his prior

history of public works and his good character. There are numerous enhancement factors. Defendant has a previous history of criminal behavior and convictions. The offense involved a victim particularly vulnerable due to his age and was committed to gratify the defendant's desire for pleasure or excitement. Among the sentencing considerations enumerated in T.C.A. § 40–35–103, several apply. The record shows that lurking in defendant's background there is a long history of similar conduct. Certainly confinement is necessary to avoid deprecating the seriousness of the offense, and we believe as a deterrent. We do not believe any of the sentencing alternatives in T.C.A. § 40–35–104 are applicable. Defendant says only that his sentence is excessive. We disagree. The trial court imposed a sentence of eighteen (18) years. While this may seem harsh in its external aspects, as a Range I standard offender under the Criminal Sentencing Reform Act of 1982 defendant can attain release eligibility status in approximately six (6) years. T.C.A. § 40–35–501. Further sentencing amelioration has been provided by the enactment of the Comprehensive Correction Improvement Act of 1985. We conclude the sentence is appropriate to the offense.

The judgment of the trial court is affirmed.

WALKER, P.J., and DUNCAN, J., concur.