IN THE SUPREME COURT OF TENNESSEE

AT JACKSON

FILED

December 22, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | FOR PUBLICATION |
| | ) | |
| | ) | FILED: DECEMBER 22, 1997 |
| Appellee, | ) | |
| | ) | CROCKETT COUNTY |
| v. | ) | |
| | ) | HON. DICK JERMAN, JR., |
| DAVID E. WALTON, JR., | ) | JUDGE |
| | ) | |
| Appellant. | ) | NO. 02-S-01-9606-CC-00052 |

For Appellant:                        For Appellee:

W. MARK WARD                          JOHN KNOX WALKUP
Memphis, TN                           Attorney General and Reporter

                                      MICHAEL E. MOORE
                                      Solicitor General
                                      Nashville, TN

                                      CLAYBURN L. PEEPLES
                                      District Attorney General
                                      Trenton, TN

OPINION

REVERSED AND REMANDED                                    BIRCH, J.

We granted the application for review filed by David E. Walton, Jr., the defendant, in order to address issues pertinent to the sentences imposed. In our review, however, we notice as plain error the failure of the State to properly elect offenses,[1] which resulted in violation of the defendant's right to jury unanimity. Accordingly, for the reasons outlined below, we reverse the convictions and vacate the sentences imposed. The cause is remanded to the trial court for further proceedings consistent with this opinion.

I

When A.W.,[2] the victim, was in kindergarten, the defendant, her father, began sexually abusing her. This abuse occurred when the victim was alone with the defendant while her mother was at work, and according to the victim, it happened "every single day." The victim described four specific ways the defendant abused her: (1) he made her lie on her back while he penetrated her vagina with his penis; (2) he directed her to get down on her hands and knees while he penetrated her anus with his penis; (3) he laid down and directed her to get on top of him while he penetrated her vagina with his penis; and (4) he "sucked" her "private part." She did not relate these incidents of abuse to any specific time

---

[1]Ostensibly, the State "elected" the offenses upon which to proceed to verdict just prior to the court's instructions to the jury. However, as will be discussed, the State's manner of electing the offenses did not ensure jury unanimity.

[2]It is the policy of this Court to protect the identity of child sex abuse victims to the extent circumstances permit.

2

nor did she state that they occurred in any particular order, i.e., "the first time, my father made me lie on my back. . . ."

A physician who examined the victim testified that her hymen was intact. This finding, however, was consistent with oral penetration or slight penetration by the tip of a finger or penis. According to the physician, the victim said the defendant attempted to have intercourse with her on four occasions, fondled her and also made her commit fellatio. The victim said that her uncle had also attempted to have intercourse with her on one occasion.

Upon arrest, the defendant admitted having had "sexual relations" with the victim. He acknowledged that he had taken a shower with his daughter several months previously and had ejaculated. This was the last time he had "sexual relations" with his daughter, he said. At trial, the defendant denied that he penetrated or harmed the victim. He explained that when he gave a statement to officers, he believed that "sexual relations" included his sexual thoughts or feelings. The defendant's wife testified that the victim had accused at least one other individual of having molested her.

At the close of the proof, the State elected to proceed on one incident that occurred in January 1991 and one incident that occurred in July 1992. The jury convicted the defendant of two counts of aggravated rape, two counts of aggravated sexual battery, and two counts of incest.

II

As stated, although not raised as an issue by the parties, the Court is profoundly troubled by the manner in which the State elected the offenses. In general, this Court will not consider issues that are not raised by the parties; however, plain error is an appropriate consideration for an appellate court whether properly assigned or not. State v. Ogle, 666 S.W.2d 58, 60 (Tenn. 1984); see also State v. Hoyt, 928 S.W.2d 935, 946 (Tenn. Crim. App. 1995). An error affecting "the substantial rights of an accused may be noticed at any time . . . where necessary to do substantial justice." Tenn. R. Crim. P. 52(b).

The State elected to proceed to verdict on a January 1991 incident and a July 1992 incident. In light of this election, the trial court instructed the jury as follows:

> You remember that I want you to render six separate verdicts with regard to each count contained in the indictment. The first three counts of the indictment allege aggravated rape, aggravated sexual battery, and incest, and the State has to be specific in its pleading, and that [the State] alleges a date in January of 1991.
>
> Counts 4, 5, and 6, once again, allege aggravated rape, aggravated kidnapping [sic, sexual battery], and incest and that alleged incident occurred in January of 1992 [sic, July of 1992]. The State was required to elect a specific incident, and those are the two that it elected to present to you.
>
> . . . .

4

> There are two specific incidents.
> The first was in January of 1991,
> and the second one is in July of
> 1992, and those are the two specific
> incidents that the State has elected
> to present to you.

In cases such as this one where the evidence suggests that the defendant has committed many sexual offenses against a victim, the trial court must require the State to elect the particular offenses for which convictions are sought in order to ensure that the jury verdict is unanimous. State v. Shelton, 851 S.W.2d 134, 137 (Tenn. 1993). This requirement is "fundamental, immediately touching the constitutional rights of an accused . . . ." Burlison v. State, 501 S.W.2d 801, 804 (Tenn. 1973). As we stated in Shelton, "the purpose of election is to ensure that each juror is considering the same occurrence. If the prosecution cannot identify an event for which to ask a conviction, then the court cannot be assured of a unanimous decision." Shelton, 851 S.W.2d at 138.

Although young children who are victims of child sexual abuse may not be able to testify that abuse occurred on a specific date, election in such cases may be satisfied by other means:

> If, for example, the evidence
> indicates various types of abuse,
> the prosecution may identify a
> particular type of abuse and elect
> that offense. [Citation omitted}.
> Moreover, when recalling an assault,
> a child may be able to describe
> unique surroundings or circumstances
> that help to identify an incident.
> The child may be able to identify an
> assault with reference to a
> meaningful event in his or her life
> such as the beginning of school, a

> birthday, or a relative's visit.
> Any description that will identify
> the prosecuted offense for the jury
> is sufficient.

State v. Shelton, 851 S.W.2d at 138 (emphasis added). Simply stated, the trial court must "bear in mind that the purpose of election is to ensure that each juror is considering the same occurrence." Id. See also Tidwell v. State, 922 S.W.2d 497 (Tenn. 1996)("when . . . a jury is permitted to select for itself the offense on which it will convict, the court cannot be assured of jury unamity."); State v. Brown, 762 S.W.2d 135 (Tenn. 1988)(failure to elect aggravated sexual battery offense was reversible error.)

The election of incidents occurring in January 1991 and July 1992, in light of the complete absence of proof as to the dates or even the order in which the abuse occurred, failed to ensure that each juror considered the same occurrence. The State did not seek to narrow the multiple incidents by asking the victim to relate any of the incidents to a specific month, memorable occasion, or special event as required in Shelton, supra. The State also did not elect which of the numerous types of sexual acts it relied upon to establish the convictions. Rather, each juror was left to choose independently the act(s) of abuse upon which to base a verdict. This is the "grab bag" result we condemned in Tidwell v. State, 922 S.W.2d 497, 501 (Tenn. 1996). We have no means here by which we can be assured that each juror relied upon the same evidence to convict the defendant. As we said in Shelton, supra,

6

> We appreciate the difficulties involved in prosecuting cases of sexual abuse against small children. In such cases, the rules of evidence and the rules of procedure have been relaxed to some extent to accommodate very young witnesses. Nevertheless, the constitutional protections guaranteed a criminal defendant, who is presumed by the law to be innocent until proven guilty, cannot be suspended altogether because of the victim's age or relative inability to testify. In cases such as this one, the state must either limit the testimony of prosecuting witnesses to a single event, or prepare the case so that an election can be made before the matter is submitted to the jury to decide.

851 S.W.2d at 139. Thus, under the authority of Tidwell and Shelton, we reverse the defendant's convictions and remand for a new trial.[3]

## III

Although we need not, we elect to address two significant sentencing issues in an effort to provide guidance to the trial court upon retrial. At the outset, we note that there was no

---

[3]In conjunction with the State's failure to make a precise election of offenses, we also observe that the State relied on a single incident to establish the aggravated rape, aggravated sexual battery, and incest convictions in counts one, two, and three of the indictment, and a second incident to establish the same three convictions in counts four, five, and six of the indictment. Although this Court has said that aggravated rape and incest may be based on a single act, State v. Brittman, 639 S.W.2d 652 (Tenn. 1982), the question of whether aggravated rape and aggravated sexual battery convictions may be based on a single act raises obvious double jeopardy implications. See State v. Denton, 938 S.W.2d 373 (Tenn. 1996). On remand, the State's election should indicate with more precision exactly what incidents it relies upon to establish each conviction.

evidence introduced at the sentencing hearing by either the State or the defendant. Although the trial court refers to a presentencing report, no such report was included in the record on appeal. Because the trial court did not place in the record the findings of fact relied upon for the sentencing decisions, those decisions come to us without the presumption of correctness; our review is, therefore, de novo. State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994).

The first issue concerns the applicability of the "particularly vulnerable" enhancement factor. Tenn. Code Ann. § 40-35-114(4). The trial court imposed the maximum sentence on each conviction: twenty-five years on each of the aggravated rape convictions, twelve years on each of the aggravated sexual battery convictions, and six years on each of the incest convictions. The justification for these sentences was stated by the court as follows:

> I find there to be absolutely no mitigating factors whatsoever and I find there to be three statutory aggravating factors, those being stated in Tennessee Code Annotated 40-35-114, Sub 4, Sub 7 and Sub 15. Sub 4 states that the victim of the offense was particularly vulnerable because of her age. Sub 7 states that the offense involved the victim and was committed to gratify the defendant's desire for pleasure or excitement and Sub 15, the defendant abused a position of private trust in this case for the fulfillment of this offense.

In imposing sentence, the trial court must first determine the appropriate range of punishment based on the severity

8

of the offense and the defendant's prior criminal history. Tenn. Code Ann. §§ 40-35-105 to -109 (1990 & Supp. 1996). Once this is done, the minimum sentence within that range is the presumptive sentence. Tenn. Code Ann. § 40-35-210(c)(1990). If enhancing or mitigating factors are present, the trial court shall enhance the sentence from the minimum as appropriate for the enhancing factors and then reduce the sentence as appropriate for the mitigating factors. Tenn. Code Ann. § 40-35-210(e)(1990).

Tennessee Code Annotated § 40-35-114 lists twenty-one separate factors that may be considered to enhance a defendant's sentence if "appropriate for the offense" and "if not themselves essential elements of the offense as charged in the indictment." Tenn. Code Ann. § 40-35-114 (Supp. 1996). Subsection (4) provides for enhancement where "[a] victim of the offense was particularly vulnerable because of age or physical or mental disability. . . ." Tenn. Code Ann. § 40-35-114(4)(Supp. 1996). A determination of whether a particular enhancing factor applies must be made on a case-by-case basis.

The legislature has chosen to classify sexual offenses perpetrated against children, i.e., under thirteen years of age, as "aggravated" crimes. See, Tenn. Code Ann. §§ 39-13-305 (especially aggravated kidnapping), 39-13-502 (aggravated rape), 39-13-504 (aggravated sexual battery), 39-13-522 (rape of a child). In so doing, the legislature has determined that an offender who sexually abuses a child is more culpable than an offender who commits the same act against an adult. And for this greater culpability, the

9

offender faces an increased penalty.  The age of the child is thus an essential element of these offenses.  However, age, as an essential element of the offense, does not preclude application of the "particularly vulnerable" enhancement factor.  This is true because the factor applies only because a victim is "particularly vulnerable," not because the victim is a certain age:  "the relevant inquiry is not simply whether the victim is under the age of thirteen, but instead whether the victim was <u>particularly vulnerable</u> because of age or physical or mental disability."  <u>State v. Adams</u>, 864 S.W.2d 31, 35 (Tenn. 1993)(emphasis in the original).

In <u>Adams</u>, we stated:

> We are of the opinion that the vulnerability enhancement relates more to the natural physical and mental limitations of the victim than merely to the victim's age . . . .  The factor can be used in an aggravated rape case if the circumstances show that the victim, because of his [or her] age or physical or mental condition, was in fact "particularly vulnerable," i.e., incapable of resisting, summoning help, or testifying against the perpetrator.  This is a factual issue to be resolved by the trier of fact on a case by case basis.  The State bears the burden of proving the victim's limitations rendering him or her particularly vulnerable.

<u>Id.</u>[4]

---

[4]Recently in <u>State v. Kissinger</u>, we stated that "the factor may be used to enhance sentences when a victim's natural physical and mental limitations render the victim particularly vulnerable <u>for</u> his or her age. . . ."  922 S.W.2d 482, 487 (Tenn. 1996)(emphasis added).  The use of the word "for" was inadvertent, and we did not intend to imply that the standard was a relative one, i.e., that the State had to prove that a particular victim was

We recently reiterated that the victim's age does not alone justify application of this enhancing factor:

> Although it is not difficult to imagine cases in which the victim's age, whether very young or very old, may seem to equate with vulnerability, we chose in <u>Adams</u> not to presume such a conclusion in any case. Moreover, because Tenn. Code Ann. § 40-35-114(4) does not speak to specific ages, but rather to vulnerability, we could not create a bright-line rule.

<u>State v. Poole</u>, 945 S.W.2d 93, 96 (Tenn. 1997)(footnote omitted). Upon remand, in determining whether the State has established applicability of this enhancement factor, the trial court should consider (1) whether the victim, because of age or mental or physical attributes, was particularly unable to resist the crime, summon help, or testify at a later date; (2) whether victim's age (extremely old or extremely young) is entitled to additional weight; and (3) whether the vulnerability of the victim made the victim more of a target for the offense or, conversely, whether the offense was committed in such a manner as to render the vulnerability of the victim irrelevant. <u>Id.</u> at 96-97.

IV

The second issue concerns the enhancement of the defendant's sentence because the offense "was committed to gratify the defendant's desire for pleasure or excitement." Tenn. Code

---

more vulnerable than another victim of the same age would have been.

Ann. § 40-35-114(7).  Walton maintains that it is irrational to impose greater punishment on a defendant who commits a sex offense out of perverted sexual desires than on one who commits the same offense as an act of brutality.  As the defendant states the issue: "Which defendant is the most culpable?  The defendant who suffers from an inability to control his sexual desires or the defendant who rapes simply to abuse another human being?"  He argues that the legislature did not intend to equate a desire for sexual gratification with a "desire for pleasure or excitement."

It is the prerogative of the legislature to determine the bounds of punishment for criminal offenses.  State v. Harris, 844 S.W.2d 601, 602 (Tenn. 1992). Before enactment of the Sentencing Reform Act of 1989, this factor was enumerated in Tenn. Code Ann. § 40-35-111(7).  It was routinely applied in sexual assault cases.[5] Had the legislature desired to eliminate application of this factor to crimes motivated by sexual desire, presumably it would have done so in the Criminal Sentencing Reform Act of 1989.  The defendant admitted that in committing these offenses he was motivated by a desire for sexual pleasure; therefore, the enhancement factor applies.[6]

---

[5]See State v. Morris, 750 S.W.2d 746, 750 (Tenn. Crim. App. 1987); State v. Schaaf, 727 S.W.2d 255, 259 (Tenn. Crim. App. 1986); State v. Elder, 697 S.W.2d 359, 361 (Tenn. Crim. App. 1985).

[6]We note, however, that this enhancement factor may not be applied to the offense of sexual battery or aggravated sexual battery.  See State v. Kissinger, 922 S.W.2d 482, 489 (Tenn. 1996).

V


Accordingly, we reverse the convictions and vacate the sentences thereupon imposed.  We remand this cause to the trial court for the conduct of proceedings consistent with this opinion. Costs are assessed to the appellee.


_____
ADOLPHO A. BIRCH, JR., Justice


CONCUR:
Anderson, C.J.
Drowota, Reid, JJ.

13