IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 8, 2000

**STATE OF TENNESSEE v. TERRY LEE JOHNSON**

**Appeal from the Circuit Court for Lauderdale County**
**No. 6826     Joseph H. Walker, Judge**

———————————

**No. W2000-00749-CCA-R3-CD - Filed December 14, 2000**

———————————

A Lauderdale County jury convicted the defendant of felony reckless endangerment, and in this appeal, the defendant claims two errors: (1) The trial court erroneously determined that the eight-year-old victim was competent to testify, and (2) the defendant was denied his right to a unanimous verdict. We find no error requiring reversal and affirm the conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID H. WELLES, JJ., joined.

Julie Pillow, Ripley, Tennessee, for the Appellant, Terry Lee Johnson.

Paul G. Summers, Attorney General & Reporter; Mark A. Faulks, Assistant Attorney General; C. Phillip Bivens, District Attorney General; and Tracey A. Brewer, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The defendant, Terry Lee Johnson, appeals his Lauderdale County Circuit Court jury conviction of reckless endangerment committed with a deadly weapon, a Class E felony. See Tenn. Code Ann. § 39-13-103 (1997). He claims (1) that the trial court erred when it determined that the victim, eight-year-old Derrick Smith, was competent to testify and (2) that he was denied his right to a unanimous jury verdict when the jury heard proof that other persons than the named victim were endangered by the defendant's conduct. Based upon our review of the record, the parties' briefs and the applicable law, we conclude that the trial court did not abuse its discretion in qualifying Derrick Smith as a witness and that the defendant's right to have the jury return a unanimous verdict was not violated, despite the failure of the trial court to give the jury augmented unanimity instructions. Accordingly, we affirm the conviction.

In the light most favorable to the state, the proof showed that on April 21, 1999 Patrick Dampeer and Anthony Parr were embroiled in an argument at a Halls, Tennessee public park, which at the time was crowded with as many as 50 visitors. The defendant and two or three other men approached Dampeer and Parr. The defendant took the part of Parr in the argument, and as the verbal sparring between Dampeer and the defendant escalated, one of the men ushered Dampeer away from the group. As he left, Dampeer turned to see the defendant pointing a gun toward him. The defendant fired and struck Dampeer in the arm. Dampeer took shelter behind his vehicle, which was parked parallel to and five or six feet away from the driver's side of a parked, green Ford Expedition. The victim in this case, Derrick Smith, then seven-years of age, sat in the rear seat of the Expedition. As Dampeer looked up from behind his vehicle, the defendant fired more shots in his direction and in the direction of the driver's side of the Expedition. Young Smith testified that he saw the defendant shooting and that one of the shots hit the Expedition. Smith then hid in the floor of the Expedition. Dampeer fled the scene on foot but was chased by the defendant and by Bob Spivey, a co-defendant, who both fired shots at Dampeer.

The police found a hole that appeared to be a bullet hole in the rear, driver's side door of the Expedition; however, no bullet or bullet fragment was recovered. A police officer testified that the bullet could have "disintegrated" upon impact.

The grand jury indicted the defendant for felony reckless endangerment by engaging in "conduct which placed other persons in imminent danger of death or serious bodily injury by firing shots in the direction of a green Ford Expedition to [sic] which seven (7) year old Derrick Smith was seated when a bullet lodged in the door of the aforesaid vehicle." In an opening statement to the jury, the prosecutor stated, "You are here because . . . [the defendant] recklessly fired shots . . . that hit a green Ford Expedition where . . . Derrick Smith [] was seated." As a part of its instructions to the jury following the evidence and final arguments, the trial court stated the elements of reckless endangerment, including that the state must prove beyond a reasonable doubt that "the defendant engaged in conduct which placed or might have placed another person, in this case Derrick Smith, in imminent danger of death or serious bodily injury."[1]

The jury convicted the defendant of felony reckless endangerment, and the trial court imposed a Range I sentence of one year and six months.

In the defendant's first issue, he complains that the trial court erroneously determined that Derrick Smith, eight-years-old at the time of trial, was competent to testify. The state called young Smith as its first witness and elicited from him his age and his affirmation that he knew "the difference between telling the truth and a lie." When asked if he intended to tell the truth or a lie, the witness responded, "the truth"; however, the witness gave no response when asked if he could explain the difference between telling the truth and telling a lie. The defendant challenged the witness's

---

[1] The record on appeal reflects that defense counsel made an opening statement, that the trial court gave the jury preliminary instructions, and that both sides made final arguments; however, the record contains no transcripts of any of these components of the trial.

competency to testify. The trial court then questioned the witness and had the following exchange with him:

> Q      Okay. You understand that if you don't tell the truth that that's subject to being punished, do you understand that?
> A      (Witness nods head affirmatively.)
> Q      You know what punished is, don't you?
> A      (Witness nods head affirmatively.)
> Q      Okay. And you are telling the jury that . . . when you take an oath to tell the truth you understand that you are promising that you are going to tell the jury the truth about what you remember; is that right?
> A      (Witness nods head affirmatively.)
> THE COURT: All right [sic]. The court will allow the witness to testify under Rule 603.

Following this ruling, the state proceeded to examine the witness, but he indicated that he could not remember the incident at issue. Outside the presence of the jury, the trial court allowed the witness to review a tape of his testimony at the preliminary hearing. Afterward, the witness testified before the jury that he saw the defendant shoot and that one of the bullets struck the Expedition in which he was seated.

Tennessee Rule of Evidence 603 provides, "Before trial, every witness shall be required to declare that the witness will testify truthfully by oath or affirmation, administered in a form calculated to awaken the witness's conscience and impress the witness's mind with the duty to do so." Rule 601 provides, "Every person is presumed competent to testify except as otherwise provided in these rules or by statute."

The Rules of Evidence have eliminated common law presumptions regarding child witnesses. State v. Hallock, 875 S.W.2d 285, 293 (Tenn. Crim. App. 1993). "[N]o one is automatically barred from testifying simply because of age or mental status." State v. Caughron, 855 S.W.2d 526, 537-38 (Tenn. 1993). The question of witness competency is entrusted to the discretion of the trial court. Id. at 538. Obviously, the trial court is in a position to assess the comprehension, maturity, demeanor and sincerity of a proposed witness. It must determine whether the witness understands the "concept of the 'truth' and that [the witness] would testify 'truthfully.'" State v. Kendricks, 947 S.W.2d 875, 881 (Tenn. Crim. App. 1996). The appellate court's standard of review is abuse of discretion. Id.

In the present case, the trial judge determined that the witness understood the concept of truth and that he intended to testify truthfully. The trial judge acted properly and within his discretion when he determined that Derrick Smith was a competent witness.

In the defendant's second issue, he complains that because the jury heard proof that the defendant shot Mr. Dampeer and fired other shots within the vicinity of visitors to the Halls park, the defendant's right to a unanimous verdict was compromised. He reasons that some of the jurors may have convicted him based on the shooting of Dampeer or other jurors may have based a guilty finding upon the presence of people in the park.

Under Tennessee law, if the evidence at trial suggests that the defendant has committed more offenses than the number charged, the court has the obligation to require the state to elect the offense(s) for which it seeks conviction. State v. Shelton, 851 S.W.2d 134, 137 (Tenn. 1993). The accused has a fundamental constitutional right to the election. See id.; State v. Walton, 958 S.W.2d 724, 727 (Tenn. 1997).

Furthermore, in State v. Brown, 823 S.W.2d 576, 583 (Tenn. Crim. App. 1991), this court said:

> [I]n cases involving evidence which shows a real potential that a conviction may occur as a result of different jurors concluding that the defendant committed different acts, each of which separately showing the commission of an offense, the trial court must augment the general unanimity instruction to insure that the jury understands its duty to agree unanimously to a particular set of facts. The assessment of this potential would involve consideration of the allegations made and the statutory offense charged, as well as the actual evidence presented.

See also State v. Forbes, 918 S.W.2d 431, 446 (Tenn. Crim. App. 1995).

We note initially that the defendant, as the appellant, has included in the record on appeal neither the trial court's preliminary instructions to the jury nor the parties' final arguments. We are precluded from knowing what information may have been thus imparted to the jury concerning unanimity and the election of offenses. It is the appellant's duty to present a full and fair appellate record. Tenn. R. App. P. 24. Despite these omissions of pertinent portions of the record, however, we are able to discern from the existing record that an "election" was effectively made. In his opening statement, the prosecutor clearly stated that the state relied upon the endangerment of Derrick Smith. This information was reinforced by the trial court in its final instructions to the jury.

Furthermore, the trial court gave a "general unanimity instruction" to the jury. Even though no augmented unanimity instruction was given, we conclude that there was no "real potential that a conviction may occur as a result of different jurors concluding that the defendant committed different acts." See Brown, 823 S.W.2d at 583. The statements provided by the prosecutor and the trial court were quite specific in naming the victim and specifing his location at the time he was

endangered by the defendant's actions. We hold that the defendant's right to jury unanimity was adequately protected.

Accordingly, we find no error and affirm the conviction.

_____
JAMES CURWOOD WITT, JR., JUDGE