IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
August 11, 2021 Session

## STATE OF TENNESSEE v. ZACHARY SMITH

**Appeal from the Circuit Court for Hickman County**
**No. 19-5046CR    Michael E. Spitzer, Judge**

_____

### No. M2020-01056-CCA-R3-CD

_____

Aggrieved of his Hickman County Circuit Court jury conviction of attempted domestic assault, the defendant, Zachary Smith, appeals, arguing that the trial court should have dismissed Count 1 of the indictment as duplicitous. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, and J. ROSS DYER, JJ., joined.

Timothy Wills, Nashville, Tennessee, for the appellant, Zachary Smith.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Kim R. Helper, District Attorney General; and Jennifer Dungan and Hunter Knight, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

The Hickman County Grand Jury charged the defendant via a two-count indictment with the domestic assault of the victim, Heather Davidson, on January 3, 2019. An amended indictment alleged that the assaults occurred "between the dates of January 3, 2019 and January 4, 2019."

Prior to trial, the defendant moved the trial court to dismiss Count 1 of the indictment as duplicitous. He argued that the bill of particulars "reveal[ed] the indictment to be duplicitous" because it alleged two assaults that could satisfy the elements of Count 1. The trial court denied the motion "with the condition that the State make its written election to be argued to the jury and established in its case in chief. The State has elected and will proceed on the alleged domestic assault causing bodily injury."

The case proceeded to trial on February 13, 2020, and, based upon the evidence presented, the jury convicted the defendant of the lesser included offense of attempted domestic assault in Count 1 and acquitted him of domestic assault as charged in Count 2. We do not include a recitation of the facts elicited at trial because they are not relevant to the single issue presented.

In this timely appeal, the defendant claims only that the trial court erred by refusing to dismiss Count 1 of the indictment as duplicitous. Duplicity, in this context, means the charging of more than one offense within a single count of the indictment. For example, this court has deemed a single count that charges the "sale or delivery" of a controlled substance improper because it charges two separate offenses. *See State v. Lindsey*, 208 S.W.3d 432 (Tenn. Crim. App. 2006). In this case, Count 1 charges only one offense, the domestic assault by intentionally, knowingly, or recklessly causing bodily injury to the victim. Because Count 1 charged only a single offense, it is not duplicitous, and the trial court did not err by denying the motion to dismiss.

To be sure, the amended bill of particulars alleged that the defendant committed two acts that would satisfy the elements of the offense charged in Count 1, and the State presented evidence at trial of two separate attacks on the victim that would have supported a conviction in that count. The issue presented under such circumstances is not one of duplicity but instead of jury unanimity. When the evidence adduced at trial indicates that the defendant has committed more offenses against the victim than were charged in the indictment, the State must elect the offense upon which it intends to rely for each count of the indictment in order to protect "the defendant's state constitutional right to a unanimous jury verdict by ensuring that jurors deliberate and render a verdict based on the same evidence."[1] *State v. Johnson*, 53 S.W.3d 628, 631 (Tenn. 2001); *see also State v. Kendrick*, 38 S.W.3d 566, 568 (Tenn. 2001); *State v. Brown*, 992 S.W.2d 389, 391 (Tenn. 1999); *State v. Walton*, 958 S.W.2d 724, 727 (Tenn. 1997). The trial court in this case appropriately required the State to make an election of offenses in Count 1, and the State did so. Indeed, the State presented a written election of offenses as to each count that provided in detail the facts upon which the State relied in support of each count, and the election was read to the jury. Nothing more was required to protect the defendant's constitutional right to a unanimous jury verdict.

To the extent that the defendant's argument can be construed as a claim that

---

[1]     Our prior decisions with regard to juror unanimity are moored in state constitutional law because, until very recently, the Supreme Court had not concluded that the Sixth Amendment right to a jury trial as incorporated via the 14th Amendment required a unanimous jury verdict. In *Ramos v. Louisiana*, however, the Court did just that, concluding that "[t]here can be no question . . . that the Sixth Amendment's unanimity requirement applies to state and federal criminal trials equally." *Ramos v. Louisiana*, 590 U.S. ——, 140 S. Ct. 1390, 1397 (2020) (citations omitted).

Count 1 as alleged fails to protect him against double jeopardy as to the act of assault that was not included in the State's election of offenses, we would note that any charge related to that offense is barred by Tennessee Rule of Criminal Procedure 8. That rule mandates the joinder of all offenses that are "based on the same conduct or arise from the same criminal episode; . . . within the jurisdiction of a single court; and . . . known to the appropriate prosecuting official at the time of the return of the indictment." Tenn. R. Crim. P. 8(a)(1). "A defendant shall not be subject to separate trials for multiple offenses falling within Rule 8(a)(1) unless they are severed pursuant to Rule 14." Tenn. R. Crim. P. 8(a)(2).

Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE