# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## MAY 1999 SESSION



FILED

July 8, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 02C01-9810-CC-00307 |
| Appellee, | ) | |
| | ) | OBION COUNTY |
| VS. | ) | |
| | ) | HON. WILLIAM B. ACREE, JR., |
| QUINCY LAMONT KENNEDY, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Especially Aggravated Burglary; |
| | ) | Employment of Deadly Weapon in |
| | ) | Commission of Offense) |

**FOR THE APPELLANT:**

**CLIFFORD K. McGOWN, JR.**
(On Appeal)
113 North Court Square, Suite 204
P.O. Box 26
Waverly, TN 37185-0026

**JOSEPH P. ATNIP**
(At Post-Conviction Hearing;
Of Counsel On Appeal)
District Public Defender
111 Main Street
P.O. Box 734
Dresden, TN 38225

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**PATRICIA C. KUSSMANN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**THOMAS A. THOMAS**
District Attorney General

**JAMES T. CANNON**
Assistant District Attorney General
414 South Fourth
P.O. Box 218
Union City, TN 38281-0218

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

An Obion County jury convicted defendant of especially aggravated burglary, a Class B felony, and unlawful possession of a weapon during the commission of a felony, a Class E felony. Honorable William B. Acree, Jr. sentenced defendant as a Range I standard offender to maximum concurrent sentences of twelve and two years, respectively. In this appeal as of right, defendant raises two issues: sufficiency of the evidence and propriety of the maximum sentences. This Court concludes the evidence was sufficient, and the sentences were proper. The judgments and sentences imposed by the trial court are AFFIRMED.

**PROCEDURAL HISTORY**

An Obion County jury tried and convicted defendant on December 30, 1997. The trial court set the sentencing hearing for January 30, 1998. Retained trial counsel represented defendant throughout these proceedings.

After sentencing, trial counsel had no further contact with defendant. He did not pursue a motion for new trial or a direct appeal; nor did he file a waiver of appeal or motion to withdraw from representation. On June 19, 1998, defendant filed a petition for post-conviction relief citing errors relating to insufficient evidence, lesser included offenses, jury instructions, and the failure of trial counsel to pursue appeal.

At the evidentiary hearing on September 15, 1998, post-conviction counsel averred that the first three issues were matters for direct appeal, and proceeded only on the charge of counsel's failure to pursue an appeal. Trial counsel testified candidly that he failed to abide by the dictates of Tenn. R. Crim. P. 37. The post-conviction court determined that a delayed appeal was appropriate under Tenn.

2

Code Ann. § 40-30-213(a)(3), and gave post-conviction counsel thirty days in which to file a motion for new trial with the original trial court.

Counsel filed the motion for new trial on September 24, 1998. The trial court denied it the next day, and this appeal followed.

**FACTS**

In the early morning hours of July 14, 1997, defendant entered a two-story, Union City residence occupied by an elderly couple. The wife was asleep in an upstairs bedroom; the seventy-five-year-old husband was asleep in a chair downstairs. Defendant wore dark clothing, a ski mask over his face, and was armed with a semi-automatic pistol. He took credit cards, cash, personal items, and several pieces of jewelry, including the wife's wedding rings, from the residence.

When confronted by the husband downstairs, defendant demanded money which the husband refused to yield. The husband unsuccessfully tried to call 911 before moving toward the defendant and telling him to leave. The defendant pushed the elderly man to the floor causing him to dislocate his shoulder and crack two ribs.

Officers Brian Petty and Danny Carr apprehended defendant in the carport of a nearby home within a half-hour of the offense. The officers found a gun, jewelry, and the husband's credit cards in defendant's pockets. A ski mask was found in the direct line of pursuit, approximately fifty feet away.

Defendant gave Investigator Mike George a complete confession in which he admitted breaking into the residence armed with a gun; taking the cash, credit cards and jewelry, and pushing the victim to the floor. At no time did defendant

3

mention the involvement of a second person. A short time after the offense, defendant also wrote an apology letter to the victim in which he related details to which only the perpetrator and the victim would be privy. Again, there was no mention of another perpetrator.

Defendant testified at trial that he entered the residence under duress. He claimed that an individual named "Johnny" threatened him with a gun, and that he felt compelled to cooperate with this individual out of fear for his safety. Defendant testified that Johnny was the actual perpetrator and was the person who confronted the victim. Defendant further claimed to conceal Johnny's existence until trial for fear that Johnny would harm defendant's family if defendant "snitched." His explanation for finally revealing Johnny's participation was Johnny's recent suicide.

**SUFFICIENCY OF THE EVIDENCE**

Defendant makes a general claim that the evidence was insufficient to support convictions for especially aggravated burglary and employment of a deadly weapon in the commission of the offense. When reviewing the trial court's judgment, this Court will not disturb a verdict of guilt unless the facts of the record and inferences which may be drawn from it are insufficient as a matter of law for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Tenn. R. App. P. 13(e); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). It is presumed that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978); State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Since a verdict of guilt removes the defendant's presumption of innocence and replaces it with a presumption of

4

guilt, the defendant has the burden of proof on the sufficiency of the evidence at the appellate level. Grace, 493 S.W.2d at 476.

Defendant made full confessions in his statement to police and in his letter to the victim. The jury disbelieved his trial testimony as was its prerogative. There is nothing in the record to overcome the presumption of guilt established by the jury's verdict. The evidence was sufficient to find defendant guilty of especially aggravated burglary and employing a deadly weapon during the commission of this offense.

This issue is without merit.

## SENTENCING

Defendant challenges the trial court's imposition of maximum twelve-year and two-year sentences for his convictions of especially aggravated burglary and employment of a deadly weapon in the commission of the offense. Specifically, defendant assigns as error the trial court's application of enhancement factors for an offense involving more than one victim and the particular vulnerability of a victim because of age or physical disability.[1] *See* Tenn. Code Ann. § 40-35-114(3), (4).

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

---

[1]Original trial counsel conceded the application of these enhancement factors at sentencing. However, in light of the procedural history of this case, we will address this challenge on the merits.

5

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and -114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

If mitigating or enhancement factors exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Leggs, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997); State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995); see Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments. Nevertheless, should there be no mitigating factors, but enhancement factors are present, a trial court may set the sentence above the minimum within the range. Tenn. Code Ann. § 40-35-210(d); see State v. Lavender, 967 S.W.2d 803, 806 (Tenn. 1998); Manning v. State, 883 S.W.2d 635, 638 (Tenn. Crim. App. 1994).

In this case, the record reflects that the trial court considered evidence from trial, evidence from the sentencing hearing, the pre-sentence report, and statements made by the defendant. The court reviewed the facts and circumstances of the case on the record, and then made its findings in light of the applicable sentencing principles. The trial court's determinations are entitled to a presumption of correctness.

First, the trial court found defendant told the court and jury a falsehood regarding the involvement of another, now-dead individual named "Johnny," in the commission of the offenses. It found defendant's sentencing hearing testimony about being a changed person not credible. And overall, it found defendant to be someone who blames his problems on others.

Second, the trial court reviewed possible mitigating factors. Defendant submitted three factors in mitigation:

(1)     although guilty of the crime, he committed the offense under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated his criminal conduct;

(2)     he acted under duress or the domination of another person, even though the duress or domination is not sufficient to constitute a defense to the crime; and

(3)     he has no prior criminal convictions and is a first-time offender.

See Tenn. Code Ann. § 40-35-113(11), (12), and (13). The trial court refused to apply any of these factors, finding no evidence to support application of the first two; and refusing to give defendant mitigation for simply doing what is expected (i.e., obeying the law.) We find no error with these determinations. See State v. Robinson, 971 S.W.2d 30, 48 (Tenn. Crim. App. 1997)(holding the absence of a criminal record is not a mitigating factor.)

Third, the trial court identified applicable enhancement factors:

(1)     the offense involved more than one victim;

(2)     the victim of the offense was particularly vulnerable because of age or physical disability; and

(3)     defendant possessed a firearm during the offense.

See Tenn. Code Ann. § 40-35-114(3),(4), and (9). The court properly limited its application of the third enhancement factor listed above to the especially aggravated burglary charge. Defendant challenges the trial court's application of the other two.

7

Defendant broke into a residence with the intent to commit theft. During the course of the break-in, he caused serious bodily injury to the elderly husband. Trial testimony revealed that he also took several pieces of the wife's jewelry, including her wedding and engagement rings. A victim is "a person or entity that is injured, killed, *had property stolen*, or had property destroyed by the perpetrator of the crime." State v. Raines, 882 S.W.2d 376, 384 (Tenn. Crim. App. 1994)(emphasis added). The wife was fortunate enough to have no physical contact with defendant during the commission of this crime, although some of the items were stolen from upstairs where she was sleeping. Nonetheless, defendant took her property during the course of the offense. Thus, she is a "victim" within the meaning of Tenn. Code Ann. § 40-35-114(3). The trial court properly applied this enhancement factor.

Defendant confronted the husband and pointed a semi-automatic pistol at him while demanding money. When the husband refused to cooperate and moved toward defendant, defendant pushed him to the floor. The resulting fall caused a dislocated shoulder and cracked ribs. Testimony showed that the husband was seventy-five years old, suffered from mild hypertension, and had recently undergone surgery for an abdominal aortic aneurism. Additional testimony indicated that the victim can expect to suffer the effects of these injuries for the remainder of his life. Clearly, the husband was particularly vulnerable to this offense due to his age and physical disability. The state met its burden of proof. *See* Tenn. Code Ann. § 40-35-114(4); *see also* State v. Walton, 958 S.W.2d 724, 729 (Tenn. 1997); State v. Adams, 864 S.W.2d 31, 35 (Tenn. 1993).

Our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under sentencing law, and its findings of fact are adequately supported by the record. Therefore, we may not modify the

sentence even if we would have preferred a different result. <u>State v. Fletcher</u>, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

Based upon the above findings, we conclude the trial court properly sentenced defendant to twelve years for the especially aggravated burglary and two years for employment of a deadly weapon in the commission of the offense.

This issue is without merit.

## CONCLUSION

Based upon the foregoing, we AFFIRM the judgment and sentences imposed by the trial court.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOHN H. PEAY, JUDGE**

_____
**THOMAS T. WOODALL, JUDGE**