# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### MARCH 1998 SESSION

FILED

June 3, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9707-CC-00268 |
| Appellee, | ) | |
| | ) | GIBSON COUNTY |
| VS. | ) | |
| | ) | HON. DICK JERMAN, JR., |
| MICHAEL DWAYNE DAVIS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |

**FOR THE APPELLANT:**

**TOM W. CRIDER**
District Public Defender

**JOYCE DIANE STOOTS**
Assistant Public Defender
107 S. Court Square
Trenton, TN 38382-1866

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**GEORGIA BLYTHE FELNER**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**CLAYBURN L. PEEPLES**
District Attorney General

**EDWARD L. HARDISTER**
Assistant District Attorney General
110 College Street, Suite 200
Trenton, TN 38382-1841

**OPINION FILED:** _____

**AFFIRMED AS MODIFIED**

**JERRY L. SMITH,**
**JUDGE**

## OPINION

The defendant, Michael Dwayne Davis, entered guilty pleas in the Gibson County Circuit Court to one (1) count of aggravated burglary, a Class C felony, and one (1) count of theft over $1,000, a Class D felony. The trial court sentenced him as a Range I offender to concurrent sentences of four (4) years for aggravated burglary and two (2) years for theft. The trial court ordered that defendant serve one (1) year in incarceration with the balance to be served on community corrections. On appeal, defendant argues that the trial court erred in enhancing his aggravated burglary sentence one (1) year above the minimum and in denying full probation. We affirm the judgment of the trial court, but modify the period of incarceration to six (6) months.

## FACTUAL BACKGROUND

Defendant's guilty pleas arose from the burglary of the residence of Mr. and Mrs. Robert Buckner. The Buckners were an elderly couple and were attending church at the time their home was burglarized. The victims had an extensive silver coin collection, which was completely destroyed. Mint coin sets, silver certificates, paper money, jewelry and other items were taken in the burglary.

Prior to sentencing, the victims submitted impact statements. As a result of the burglary, they became afraid to leave their home. Both victims were unable to sleep, and their physical and mental health deteriorated after the incident. Much of what was taken in the burglary was irreplaceable.

Defendant was eighteen (18) at the time the burglary occurred. He had no prior criminal record and was attending high school at the time. However, the pre-sentence report indicated that defendant had disciplinary problems while attending school. Defendant reported "occasional" alcohol use and admitted experimenting with marijuana two (2) months prior to the preparation of the pre-sentence report.

In determining defendant's sentence, the trial court considered the

2

defendant's age to be a mitigating factor.  *See* Tenn. Code Ann. § 40-35-113(6).

The trial court also found that the victims' ages were enhancement factors.  *See*

Tenn. Code Ann. § 40-35-114(4).  The trial court also noted that the victims suffered

psychological damage as a result of defendant's actions.  The trial court sentenced

defendant to concurrent sentences of four (4) years for aggravated burglary and two

(2) years for theft over $1,000.  Upon the service of one (1) year in the Gibson

County jail, the trial court ordered that defendant serve the remainder of his

sentence in an alternative sentencing program under the supervision of Corrections

Management.


## LENGTH OF SENTENCE


Defendant argues that his sentence is excessive.  He argues that the trial

court erred in enhancing his aggravated burglary sentence to four (4) years, one (1)

year above the minimum sentence in Range I.

This Court's review of the sentence imposed by the trial court is *de novo* with

a presumption of correctness.  Tenn. Code Ann. § 40-35-401(d).  This presumption

is conditioned upon an affirmative showing in the record that the trial judge

considered the sentencing principles and all relevant facts and circumstances.

State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).  If the trial court fails to comply

with the statutory directives, there is no presumption of correctness and our review

is *de novo*.  State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is

improper.  Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments.

In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-

210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing
> hearing;
>
> (2) [t]he presentence report;
>
> (3) [t]he principles of sentencing and arguments as to sentencing
> alternatives;

(4) [t]he nature and characteristics of the criminal conduct involved;

(5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and

(6) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

If no mitigating or enhancement factors for sentencing are present, Tenn. Code Ann. § 40-35-210(c) provides that the presumptive sentence shall be the minimum sentence within the applicable range. *See* State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Leggs, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997); State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995); *see* Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments.

Although defendant does not specifically contest the propriety of the trial court's enhancement factors, we will address each of them. Firstly, the trial court found that the ages of the victims were enhancement factors. The victims were elderly. A defendant's sentence may be enhanced if the victim of the offense was "particularly vulnerable because of age or physical or mental disability." Tenn. Code Ann. § 40-35-114(4). However, this factor may not be established by the showing of age alone. State v. Walton, 958 S.W.2d 724, 729 (Tenn. 1997); State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997); State v. Adams, 864 S.W.2d 31, 35 (Tenn. 1993). There must be an independent showing that the victim was particularly vulnerable due to age or mental condition. State v. Walton, 958 S.W.2d at 729; State v. Adams, 864 S.W.2d at 35. In the present case, although the victims were an elderly couple, there is no evidence to establish that they were especially vulnerable to burglary and theft because of their advanced years. Therefore, the trial court

4

improperly considered the victims' age as an enhancement factor.

The trial court also found that the psychological harm to the victims should be considered as an enhancement factor. Under Tenn. Code Ann. § 40-35-114(6), a defendant's sentence may be enhanced if the personal injuries to the victim were "particularly great." Psychological or emotional harm can be considered as "personal injury" under Tenn. Code Ann. § 40-35-114(6). State v. Smith, 891 S.W.2d 922, 930 (Tenn. Crim. App. 1994). However, this factor may be applied only when the state establishes that "the emotional injuries and psychological scarring are 'particularly great.'" State v. Hoyt, 928 S.W.2d 935, 948 (Tenn. Crim. App. 1995) (citations omitted).

The psychological trauma to the elderly victims was indeed particularly great. Both victims are afraid of leaving their home, and when they do leave, they are afraid of returning. They lock the doors to their home even if they are merely going outside into their own yard. They installed new locks on the doors and placed bars on the windows. Both victims are afraid to sleep, and their physical health has worsened as well. We find that the emotional damage suffered by these victims is "particularly great" in comparison to the psychological damage experienced by other burglary victims. Therefore, we find that the trial court properly considered the victims' emotional damage as an enhancement factor.

Under our power of de novo review, we also find that defendant has a previous history of criminal behavior. Tenn. Code Ann. § 40-35-114(1). Although defendant was eighteen (18) at the time of the offense, he reported "occasional" alcohol use. Therefore, he admitted to the illegal act of underage drinking. Defendant also admitted that he had used marijuana prior to his sentencing hearing. This Court has previously held that this factor applies when the "criminal behavior" occurs after the convicted offense but prior to sentencing. See State v. Robert Arthur White, C.C.A. No. 02C01-9601-CC-00009, Lake County (Tenn. Crim. App. filed February 27, 1997, at Jackson). Even though this factor may be entitled to little weight, it is, nonetheless, a relevant consideration in determining defendant's sentence.

5

Although the trial court improperly considered the victims' ages as enhancement factors, we find that two (2) enhancement factors apply in this case. Under our *de novo* review, we find that the four (4) year sentence imposed by the trial court for aggravated burglary is appropriate.

This issue is without merit.

## PROBATION

Defendant also claims that the trial court erred in denying full probation. He contends that he is a favorable candidate for alternative sentencing and is not a defendant for which incarceration is a priority. He argues that it is in the best interest of the public and himself to be granted probation.

### A.

An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). A trial court must presume that a defendant sentenced to eight years or less and who is not an offender for whom incarceration is a priority is subject to alternative sentencing. State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993). It is further presumed that a sentence other than incarceration would result in successful rehabilitation unless rebutted by sufficient evidence in the record. Id. at 380. However, although a defendant may be presumed to be a favorable candidate for alternative sentencing, the defendant has the burden of establishing suitability for total probation. State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996); *see* Tenn. Code Ann. § 40-35-303(b). Even though probation must be automatically considered, "the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b) Sentencing Commission Comments; State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991).

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the

defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995); State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995). The defendant's lack of credibility is also an appropriate consideration and reflects on a defendant's potential for rehabilitation. State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* State v. Ashby, 823 S.W.2d at 169; State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997).

**B.**

The trial court did not make any specific findings regarding alternative sentencing, nor did the trial court discuss the principles to be considered in alternative sentencing. Therefore, we must review this issue *de novo* without a presumption of correctness. State v. Poole, 945 S.W.2d at 96.

We agree with the trial court that total probation is not appropriate in this case. However, the remaining issue before this Court is the length of incarceration defendant must serve prior to being placed on community corrections. Considering the circumstances of the offense and the psychological impact on the victims, a period of incarceration is necessary to avoid depreciating the seriousness of the offense. There is evidence in the record that defendant had disciplinary problems while attending high school. Defendant has admitted that he occasionally uses alcohol, although it is illegal for him to do so. Moreover, defendant reported using marijuana several months after defendant was arrested on the present offense. We find that these facts reflect negatively on defendant's rehabilitation potential.

7

However, we also note the youth of the defendant and that he had no prior criminal record. These factors are entitled to great weight. Pursuant to the principles of the 1989 Sentencing Act, this Court is required, upon our *de novo* review, to impose "the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(4). Accordingly, defendant's sentence is modified to reflect a confinement period of six (6) months.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed, as modified.

_____
**JERRY L. SMITH, JUDGE**

**CONCUR:**

_____
**GARY R. WADE, PRESIDING JUDGE**

_____
**JOE B. JONES, JUDGE**[1]

---

[1]Presiding Judge Joseph B. Jones died on May 1, 1998. This court is indebted to Judge Jones for his lifetime of contribution to the bench and bar of this state.